UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


**********************************
UNITED STATES OF AMERICA

         Criminal Action No.
  v.        5:16-CR-108 (GTS)

EMILY OBERST,

      Defendant.
**********************************


GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE SET
ASIDE OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255

   The United States of America, by its attorney, Grant C. Jaquith, United States Attorney for

the Northern District of New York, Lisa M. Fletcher, of counsel, submits herewith its response to

Emily Oberst's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.


Dated: February 21, 2019     RESPECTFULLY SUBMITTED,

               GRANT C. JAQUITH
               UNITED STATES ATTORNEY

               */s/ Lisa M. Fletcher*
               LISA M. FLETCHER
               Assistant U. S. Attorney
               Bar Roll Number: 510187

## GOVERNMENT EXHIBITS (G.E.)

1.    Plea Agreement (G.E. #1)

2.    Minutes of Change of Plea held on April 19, 2017 (G.E. #2)

3.    Affidavit of Kimberly M. Zimmer, Esq., with attachments (G.E. #3)

4.    Pre-Sentence Investigation Report (filed separately, and under seal) (G.E. #4)

5.    Transcript of Sentencing held on December 5, 2017 (G.E. #5)

## PRELIMINARY STATEMENT[1]

On December 5, 2017, petitioner Emily Oberst was sentenced by this Court to a total term of 60 years imprisonment and lifetime supervised release based on her plea of guilty to twelve counts of a nineteen count Superseding Indictment, 5:16-CR-108.   In her plea, Oberst admitted to one count of conspiring with co-defendant Jason Kopp to sexually exploit minors, and eleven substantive counts of sexually exploiting two different minors, in violation of 18 U.S.C. §§ 2251(a) and (e).   Seven substantive counts of Oberst's distribution of the images she produced during the exploitation offenses were dismissed at sentencing, in consideration of her plea to the other charges.

On April 19, 2017 Oberst executed a binding plea agreement with the Government, pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties agreed that the appropriate sentence for Oberst's offenses was a term of incarceration for 60 years, and lifetime supervised release.

---

[1]  The underlying facts are fully set forth in the defendant's Plea Agreement, G.E. #1, Plea Allocution, G.E. #2, pp. 15 - 18, and in the PSR, ¶¶ 7 - 41.   Oberst raised no objection to the facts as set forth in the plea agreement, plea allocution, or in the PSR.   See G.E. #2, p. 17, G.E# 5, p. 3.

1

G.E. #1.   The Court honored that agreement at sentencing, and sentenced Oberst according to the terms of the binding plea agreement.   G.E. #5, pp. 10-15.

According to the terms of her plea agreement, Oberst waived her right to appeal and collaterally attack her conviction and any sentence consistent with the agreed upon disposition, or any less severe sentence.   However, the waiver specifically excepts any claim based on alleged ineffective assistance of counsel. G.E. #1, p.9.

The judgment of conviction was entered on December 8, 2017.   Oberst did not file a notice of appeal.   On December 2, 2018, within the one-year statute of limitations proscribed by 28 U.S.C. § 2255(f), Oberst requested an extension of time to file a § 2255 motion, and the Court granted her motion, extending her filing deadline to January 10, 2019.   She filed the instant motion on January 2, 2019.

Due to the nature of the defendant's allegations against her assigned counsel, on January 11, 2019 the Government filed a request for an order waiving Oberst's attorney-client privilege as to the issues raised in her § 2255 motion.   Oberst was directed to respond by January 28, 2019. She did not respond.   On January 30, 2019, this Court granted the Government's request, and issued an order authorizing attorney Kimberly M. Zimmer to provide an affidavit regarding claims made by Oberst in her motion, to provide the Government with any documentation pertinent to responding to said allegations, and to provide testimony, if necessary, in this matter.

For the reasons set forth below, Oberst's claims against her attorney are without merit, and her motion should be denied.

**ARGUMENT**

**I.    OBERST HAS NOT MET HER BURDEN OF ESTABLISHING THAT SHE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL**

Oberst alleges that she received ineffective assistance of counsel, both in the disposition of her case, and in her attorney's failure to file a notice of appeal, and requests that her sentence be vacated.    She alleges that she did not knowingly engage in the unlawful activity she admitted during her plea, and that she plead guilty only because of ineffective assistance of counsel, claiming that her attorney did not spend sufficient time with her, was only interested in getting Oberst to plead guilty, and told her that pleading guilty was her only option.[2]

To succeed on her motion, Oberst must demonstrate both "(1) that [her] attorney's performance fell below an 'objective standard of reasonableness;' *and* (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Arnold*, 126 F.3d 82, 89 (2d Cir. 1997), *quoting Kieser v. New York*, 56 F.3d 16, 18 (2d Cir. 1995), *quoting Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (referring to this standard as a "heavy burden" to be proved by the defendant).    This applies to counseled guilty pleas, where "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).   Even so, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.*,

---

[2]     Notably, Oberst does not request that her conviction be vacated, only her sentence.

3

at 57.   As set forth below, Oberst's claims are factually false, and legally without merit. Accordingly, she fails to meet her burden, and her motion should be denied.

During her change of plea hearing, Oberst told this Court that she understood her right to trial, that she was satisfied with Ms. Zimmer's representation, that Ms. Zimmer had advised her of her rights, that she was pleading freely and voluntarily, and that she was pleading guilty because she was guilty "and for no other reason." G.E. #2, pp. 3-4; 13-14; 23.   Oberst also acknowledged that the Government's factual proffer was accurate, and answered specific questions from the Court regarding the time period when and locations where the offenses were committed.   *Id*. at 17-18.   Further, under questioning from the Court, Ms. Zimmer stated that she had spent 20 – 30 hours with Ms. Oberst, that she had received full discovery of the Government's evidence, that she had not made threats or promises to induce Ms. Oberst's plea, that she was satisfied that Ms. Oberst's plea was knowing and voluntary, and that she knew of no defenses to the charges.   *Id*. at 25-26.   Further, Ms. Zimmer specifically informed the Court that although the disposition was "somewhat unusual" given the number of years involved, she "laid out the options to [her] client," and believed that Ms. Oberst "made a good decision choosing this option."   *Id*. at 26.

Supplementing this record is Government Exhibit #3, an affidavit of attorney Kimberly M. Zimmer detailing her efforts in representing Ms. Oberst.   The facts attested to in Ms. Zimmer's affidavit, corroborated and supplemented by the attachments thereto, show that she ably and effectively represented Ms. Oberst.   Moreover, the record at sentencing confirms that the defendant was not unknowingly, unwittingly, uninformedly, or uncaringly walked into a binding plea agreement:

4

THE COURT:          … I just want to make sure that everybody's comfortable, you're confident with this and happy with this agreement that you made, not -- happy is not the right word, you're satisfied that it's appropriate, and that's, I'm going to ask the same questions of Ms. Oberst, that you know, she looked at all the alternatives here and with the advice of counsel, has made this decision already and we're here today, and I want to make sure she understands and she's fully informed as to what she's doing and that she's satisfied with everything that's occurred.

MS. ZIMMER:          I did, your Honor, inform her of all of those things, but I will say that I also informed her that ultimately, the court did have the authority to reject the plea agreement if the court felt it was inappropriate in either respect, either it was too lenient of a sentence or too harsh of a sentence. So she also was aware that you would be looking at this matter, and that if you felt in either respect the sentence was inappropriate, that you may not accept the plea agreement.

***

THE COURT:          Okay. You just heard my conversation with your attorney?

THE DEFENDANT: Yes, your Honor.

THE COURT:          Okay. I just had some questions.

THE DEFENDANT: Yes, your Honor.

THE COURT:          You entered into this plea agreement some time ago.

THE DEFENDANT: Yes, your Honor.

THE COURT:          Knowing that this day would come.

THE DEFENDANT: Yes, your Honor.

5

THE COURT:          And I explained to you that I would let you withdraw your plea if I felt that the sentence of 60 years with lifetime supervised release was inappropriate, and we're here today for sentencing, and I just want to hear from you, you're satisfied with everything and what your attorney has done for you and looking at all the alternatives and what you were looking at, that this is what you've agreed to do and this is what you want to do?

THE DEFENDANT:  Yes, your Honor.

THE COURT:          Okay. Okay. All right. Then I'm going to proceed with sentencing.

G.E. #5, pp. 8-10.

Simply put, Ms. Oberst's allegations about Ms. Zimmer's representation of her are false. Ms. Zimmer ably and aggressively represented Ms. Oberst, and, importantly, her representation did not fall below any objective standard of reasonableness.

Additionally, despite her current (and false) claim to be, at best, an unwitting bystander while Jason Kopp abused children, Ms. Oberst's guilt was never in doubt.   She confessed. PSR ¶¶ 30-31.   She is depicted in images participating in the abuse of V-1. PSR ¶¶ 16, 23.   Her chats with Kopp show her to be a willing and active participant in the abuse. PSR ¶ 8.   And, only Oberst, not Kopp, had access to V-2. PSR ¶ 33.   Moreover, she admitted all of the facts in her plea agreement and all of the facts in the PSR, which prove her guilty beyond any doubt. (*See* Exhibit 2 to Ms. Zimmer's Affidavit, indicating that Oberst reviewed the PSR and had no factual objections.)   Oberst's current protestations of innocence are as false as her allegations against Ms. Zimmer. Accordingly, even were Ms. Zimmer's representation ineffective, which it was not,

6

Oberst cannot show that she was prejudiced in any way by the plea, which bound the Court to a sentence *300 years* below her recommended Guidelines sentence. *See* PSR ¶ 193.

Furthermore, as Ms. Oberst knowingly, freely, and voluntarily entered into a binding plea agreement that included a waiver of appeal, Ms. Zimmer was also not ineffective for not filing a notice of appeal on Ms. Oberst's behalf.   Even so, Ms. Zimmer conferred with Ms. Oberst's family after the sentencing to further ensure that the defendant did not want her to file a notice of appeal notwithstanding the waiver.   Having been assured that Oberst did not want to appeal, no notice was filed.   *See* Exhibit 3 to Ms. Zimmer's Affidavit.

## II.    CONCLUSION

For all of the reasons stated herein, Oberst's motion is without merit.   Her allegations against Ms. Zimmer are false, her claims that she was at best an unwitting bystander to the crimes to which she pled guilty are false, and belied by the record and her previous admissions to law enforcement and this Court.   Accordingly, her motion to vacate, set aside, or correct her sentence should, in all respects, be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************************

UNITED STATES OF AMERICA,

                V.                              5:16-CR-108 (GTS)

EMILY OBERST

                        Defendant.

*******************************************

I hereby certify that on February 21, 2019, I electronically filed the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE SET ASIDE OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255 with the Clerk of the District Court using the CM/ECF system and mailed a copy to the defendant at the address listed below:


      Emily Oberst, *pro se*
      24100-052
      FCI Hazelton
      Secure Female Facility
      PO Box 3000
      Bruceton Mills, WV   26525


                                  _____/s/_____
                                    Paula Briggs

8