# GOVERNMENT EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

*AFFIDAVIT OF KIMBERLY M. ZIMMER, ESQ.*

State of New York    )
County of Onondaga   ) ss:
City of Syracuse     )

I, Kimberly M. Zimmer, Esq., having been duly sworn, do hereby state and depose as follows:

1. I am an attorney at law and was admitted to practice law in the State of New York in January 1989. For approximately my first ten years of practice, from October 1988 through April 1998, I was a federal prosecutor first working in the Department of Justice Tax Division and then as an Assistant United States Attorney in the Northern District of New York. In 2002, I moved back to Syracuse, New York, and from that time to present, I have been a practicing criminal defense attorney in federal court. Through my years of practice, I have handled numerous criminal cases in the United States District Court for the Northern District of New York.

2. On March 19, 2016, the Honorable Andrew T. Baxter, appointed me to represent Emily Oberst on federal criminal charges filed under criminal complaint 5:16-MJ-113 (ATB). I represented Ms. Oberst from her initial appearance that Saturday through the final disposition of her case.

3. I have reviewed the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" Ms. Oberst filed on January 2, 2019, alleging, among other things, that I provided her ineffective assistance of counsel. I provide this Affidavit, with the Court's permission and pursuant to the Court's Order dated January 30, 2019. In addition

1

to that Order, I wrote to Ms. Oberst and requested that she provide me with a waiver of attorney-client privilege, which she did, so that I could respond to the allegation that I provided her with ineffective assistance of counsel.

4. My representation of Ms. Oberst included an investigation of the charges filed against her, including a review of the Government's discovery, an evaluation of whether any pre-trial motions should be filed, and an evaluation of any defenses Ms. Oberst may have had to the charges. My representation of Ms. Oberst included over 55 hours of work. I reviewed the Government's evidence which included text messages exchanged between Ms. Oberst and co-defendant Jason Kopp, the images and videos that were produced, distributed, and possessed, the forensic analysis results, and the contents of her videotaped confession, as well as the federal search warrant issued in the case.

5. I discussed the Government's evidence with Ms. Oberst, explained the statutory minimum and maximum sentences to her, as well as how the Sentencing Guidelines may apply to her case. I advised Ms. Oberst that there did not appear to be any viable defenses to the charges, and no viable suppression issues, but I also advised her of her Constitutional right to a trial, and expressed that I was willing to represent her at such a trial. I explained to Ms. Oberst that the Government had offered a binding plea agreement with an agreed-upon sentence of 60 years, and outlined all of her options in resolving the case, whether by trial, or by a plea of guilty - with or without a plea agreement. At no time did I ever tell Ms. Oberst that her only option was to plead guilty.

6. Attached as Exhibit 1 to this Affidavit is a copy of a letter I hand-delivered to Ms. Oberst on April 5, 2017, explaining to her all of her options in resolving the case, including her

2

Constitutional right to a trial on this matter. As the letter states, one of the options that was provided to Ms. Oberst was a plea offer from the United States Attorney's Office, allowing her to agree to a binding 60-year sentence. As was my duty, I communicated this offer to Ms. Oberst both in person and in the letter, and I provided her as much information as I could to help her make an informed decision as to her options. To that end, I researched the outcomes of similar cases in this District and provided what I had found to Ms. Oberst.

7. As I advised the Court during the plea hearing, I had been representing Ms. Oberst for approximately one year by the time she entered her guilty plea, and, in addition to the time I spent investigating the case, reviewing discovery, and meeting with the prosecutor and FBI, I spent between 15 and 20 hours of time with Ms. Oberst, advising her and making sure she understood the allegations, the evidence that I had reviewed, her rights, and *all* of her options.

8. My review of the evidence in this matter was consistent with the factual allegations the Government set forth in the Plea Agreement, and as part of the plea allocution and the factual information contained within the PSR. In reviewing the evidence, I personally viewed the images in which Ms. Oberst is depicted engaged in the activity alleged in the PSR, and discussed that with her.

9. After Ms. Oberst indicated that she wished to accept the Government's offer of a binding plea agreement, I received a copy of the written agreement from the Government. I reviewed it with Ms. Oberst and made sure she understood the agreement before she signed it. I also explained to Ms. Oberst her appellate rights. As a part of the plea agreement, Ms. Oberst waived her right to appeal her conviction and sentence should the Court honor the parties' agreed-upon disposition. I explained this provision to Ms. Oberst, and the Court confirmed her

understanding of this appeal waiver with her at the time she entered her guilty plea.

10. On May 26, 2017, I attended Ms. Oberst's interview with the Probation Department at Oneida County Jail. After I received a draft PSR, I again met with Ms. Oberst who reviewed the entire PSR, and I discussed its contents with her. At that time, Ms. Oberst noted two typographical errors in the PSR, and by email dated August 14, 2017, I advised the Probation Department of those errors. Ms. Oberst did not otherwise dispute any of the factual allegations recited in the PSR. A copy of the email to Probation is attached as Exhibit 2 to this Affidavit.

11. I know that Ms. Oberst's parents were investigating Ms. Oberst's appeal rights, at my suggestion, and I know her parents conferred with at least the Federal Public Defender's Office about Ms. Oberst's appeal rights. After her sentencing, I followed up to confirm that Ms. Oberst did not wish for me to file a Notice of Appeal on her behalf. I have provided the Government with a recorded voicemail message from Ms. Oberst's mother, received December 18, 2017, confirming that Ms. Oberst did not wish to pursue an appeal. That recording will be provided as Exhibit 3 to this Affidavit.

12. Among other allegations, although Ms. Oberst may not recall, I visited Ms. Oberst eight times before she entered her plea (not all to discuss her plea agreement), including on March 7, 2017, April 5, 2017, when I handed her the letter outlining her options, and April 18, 2017, where I reviewed the Plea Agreement with her in detail.

                                                                     Kimberly M. Zimmer, Esq.

Subscribed and sworn to before
me this 20th day of February, 2019
at Syracuse, New York

Paula D. Briggs
Notary Public
PAULA D. BRIGGS
Notary Public, State Of New York
No. 6008241
Qualified In Onondaga County
My Commission Expires 12/31/2021

4

# EXHIBIT 1

## Zimmer Law Office, PLLC
120 E. Washington Street - Suite 815
Syracuse, New York 13202
Phone: (315) 422-9909
Fax: (315) 422-9911*
*E-mail: kmz@kimzimmerlaw.com
*not for service of process

April 5, 2017

**PERSONAL & CONFIDENTIAL**
**ATTORNEY/CLIENT PRIVILEGE**

Ms. Emily Oberst
Inmate No. 16000411
Onondaga County Correctional Facility
407 South State Street
Syracuse, New York 13202

    Re:    <u>**Plea Offer**</u>

Dear Emily:

    This letter is to follow up on our discussions of March 5, 2017, when I last met with you and discussed your various options going forward. As I explained, the Court is not willing to further extend the time on this matter and has, in fact, scheduled this matter for a hearing on Wednesday, April 19, 2017.

    I will need an answer from you this week as to how you wish to proceed. This letter is to provide you with further information to assist you in making that decision. Please review this letter carefully and I will come meet with you to discuss any remaining questions you may have.

    As we discussed, first and foremost, you have an absolute constitutional right to a trial and there are a number of other rights that you have in connection with a trial. Those rights include the right to have an attorney to assist you at trial, the right to confront the evidence offered against you at trial, the right to present your own evidence and use the subpoena powers of the Court to obtain that evidence, and the right to remain silent throughout the trial.

    If you choose to waive, or give up those rights, and elect to enter a guilty plea, the United States Attorney's Office is willing to allow you to plead, pursuant to Fed. R. Crim. P. Rule 11 (c)(1)(C), to a plea that provides for an agreed upon sentence of 60 years imprisonment, a term of supervised release to be set at the discretion of the Court within the statutory range of 5 years to life, and a special assessment of $200. As part of that plea you would be required to plead guilty to two counts of the Indictment, and you would be required to waive your appellate rights with the exception of a few narrow categories of grounds that may (or may not) support a basis for an appeal. The Court would not be a party to the Plea Agreement. If you decided to enter such a plea agreement, the Court would question you in court, under oath, to make sure that you

Ms. Emily Oberst
April 5, 2017
Page 2

were entering the plea knowingly, freely, and voluntarily. After that proceeding, the Court would order a presentence investigation report and would reserve its right to consider whether the Court will accept the plea until after it reviews that report. When we met, it was not clear whether AUSA Fletcher's supervisors would agree to offer this plea agreement but she has since confirmed that she is authorized to make this plea offer.

Your third and only other option is to plead to the entire Indictment. As we have discussed, you are charged in 19 count indictment with Conspiracy to Sexually Exploit Children (Count 1), the Sexual Exploitation of Children (Counts 2 through 12), and Distribution of Child Pornography (Counts 13-19). In addition to other penalties and consequences we have and will discuss further, Counts 1 through 12 carry a statutory mandatory minimum term of imprisonment of 15 years and a maximum term of imprisonment of 30 years, and Counts 13 through 19 carry a statutory mandatory minimum term of 5 years imprisonment and a maximum term of imprisonment of 20 years. Therefore, if you enter guilty pleas to all the counts of the Indictment, the Court will be required to sentence you to a minimum of 15 years imprisonment and cannot sentence you to more than 500 years imprisonment (i.e., 12 counts x 30 years and 7 counts x 20 years). As we have discussed, your estimated sentencing guideline calculation provides for a recommended term of life imprisonment. By operation of law, the Court cannot impose a sentence of more than 500 years.

To further assist you in making this decision, I have conferred with the Prosecutor and the Public Defender as to their respective experiences with similar cases within this District. I have also reviewed publicly available information on those cases. As you know, Judge Suddaby sentenced your co-defendant Jason Kopp to a term of 2,820 months or 235 years imprisonment following his guilty plea. The Court arrived at this number by sentencing Kopp to the maximum term of imprisonment on each count and ordering that the sentences be served consecutive to each other. From my review of the sentencing memorandum in Kopp's case, it appears that he was involved in the sexual exploitation of children for at least 16 years. In what I am told is a related case, the United States Attorney's Office charged Kerry Smith in a 2 Count Indictment with the Sexual Exploitation of Children and the Distribution of Child Pornography. The Prosecution later allowed Smith to enter a plea agreement with an agreed upon sentence of 15 years imprisonment (and some other penalties and consequences). Ms. Smith has not yet been sentenced.

In the case of Amanda Jansen, Ms. Jansen entered guilty pleas to 3 counts of the Indictment in that case (i.e., one count of Conspiracy to Entice a Minor Female and two counts of Aiding and Abetting her husband, Christopher Jansen, to cross state lines with the intent to engage in a sexual act with a person who was not yet 12 years old). Although the Federal Defender had hoped for a sentence of 30 years imprisonment based upon numerous mitigating factors and equities that were presented at sentencing, Judge Hurd imposed a life sentence on Ms. Jansen who was 26 years old and had no prior criminal history. Her husband, Christopher Jansen also received a life sentence.

Ms. Emily Oberst
April 5, 2017
Page 3

    In the case of Nicole Vaisey, Ms. Vaisey was charged with essentially the same offenses that you have been charged with and entered a plea to the 10 counts of the Indictment in which she was charged. From a review of a pleading in that matter, Ms. Vaisey and her co-defendant Stephen Howells were involved in the sexual exploitation of several minors (at least 4) and the conduct occurred over a period of approximately 11 months. Judge Suddaby sentenced Mr. Howells to 6,960 months or 580 years imprisonment and Ms. Vaisey to 3,600 months or 300 years imprisonment.

    While the facts and, in the case of the Jansens the charges, are not identical to the facts or the charges against you, these cases do provide some insight into how the Judge may regard your conduct when making a sentencing determination.

    Your mother has asked me a number of questions regarding what you can expect during incarceration in federal prison. I have answered some of those questions to the best of my ability but many of these questions involve matters that are either controlled by policy or the discretion of the Federal Bureau of Prisons. The important thing to understand, therefore, is that we have no control over those matters.

    Thank you.

                                               Very truly yours,

                                               ZIMMER LAW OFFICE, PLLC

                                               Kimberly M. Zimmer

# EXHIBIT 2

# Kim Zimmer

| | |
|---|---|
| **From:** | Kim Zimmer |
| **Sent:** | Monday, August 14, 2017 1:27 PM |
| **To:** | Janna_Kulakowski@nynp.uscourts.gov |
| **Cc:** | Fletcher, Lisa (USANYN) |
| **Subject:** | Emily Oberst |

Hi Janna,

Thanks for the additional time on our objections to the PSR. I visited my client on August 3, 2017, and she reviewed the report. She noticed two small typos p. 19, par. 33 and p. 31, par. 178, but otherwise did not have any factual objections.

I answered my own question on the enhancement based upon infant or toddler – I was using an older guidelines book. I do not have any guideline objections.

My last question on the voice mail was whether there were any other victim letters other than the one that Lisa has provided the court.

Thanks,
Kim

Kimberly M. Zimmer, Esq.
Zimmer Law Office, PLLC
The University Building
120 E. Washington Street
Suite 815
Syracuse, NY 13202
Phone: 315.422.9909
Fax: 315.422.9911
kmz@kimzimmerlaw.com

1

# EXHIBIT 3

DVD